UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GEORGE LOUIE, for himself and
on behalf of all others
similarly situated,

        Plaintiff,

  v.

BFS RETAIL & COMMERCIAL
OPERATIONS, L.L.C.,

        Defendants.

CASE NO. CIV. S-07-2340 WBS KJM

ORDER RE: MOTION TO DISMISS

----oo0oo----

Plaintiff George Louie brought this action seeking injunctive relief and damages with respect to defendant BFS Retail & Commercial Operations, L.L.C.'s alleged failure to provide full and equal access to individuals with disabilities at several of its Northern California retail facilities. Defendant now moves to dismiss plaintiff's complaint.

I. Factual and Procedural Background

Defendant is the owner and operator of tire and service centers located throughout Northern California. (Compl. ¶ 4.) Plaintiff, a disabled amputee who requires the use of a

1

1  wheelchair as his primary means of mobility, purportedly
2  patronized several of defendant's retail facilities over the
3  preceding year.  (Compl. ¶¶ 4, 9.)  During these visits,
4  plaintiff alleges that he was unable to use defendant's service
5  counters because they were set too high, thus rendering
6  defendant's services effectively inaccessible to him and/or any
7  other wheelchair-bound patron.  (Id. at ¶ 10.)

8  Plaintiff subsequently filed this suit on October 21,
9  2007, alleging that defendant discriminated "on the basis of
10 disability in the full and equal enjoyment of the goods,
11 services, facilities, privileges, advantages, accommodations
12 and/or opportunities of [its] centers in California."  (Id. at ¶
13 13.)  Specifically, plaintiff's Complaint alleges three claims,
14 based on violations of (1) the Americans with Disabilities Act
15 (ADA), 42 U.S.C. §§ 12101-12213, (2) the Unruh Civil Rights Act,
16 Cal. Civ. Code § 51, and (3) the California Disabled Persons Act,
17 id. §§ 54-55.

18 On January 28, 2008, defendant filed a motion to
19 dismiss plaintiff's Complaint pursuant to Federal Rule of Civil
20 Procedure 12(b)(6) for failure to state a claim upon which relief
21 may be granted because the legal issue of accessibility to their
22 service centers was fully and finally adjudicated via an October
23 30, 2002 Consent Decree that precludes the instant action.
24 II.  Discussion

25 On a motion to dismiss, the court must accept the
26 allegations in the complaint as true and draw all reasonable
27 inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416
28 U.S. 232, 236 (1974), overruled on other grounds by Davis v.

2

Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Twombly, 127 S. Ct. at 1968 (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

    A.   Plaintiff's ADA Claim

In April 2001, the American Disability Association ("Association") filed a nationwide class action lawsuit against defendant in the district court for the Southern District of Florida alleging that defendant's retail stores presented one or more access barriers to its disabled patrons.  Am. Disability Ass'n, Inc. v. BFS Retail & Commercial Operations, L.L.C., No. 01-6529, slip op. at 2 (S.D. Fla. Oct. 30, 2002).[1]  In response to the action, defendant engaged the Association in settlement negotiations.  Id. at 1-2.  The parties executed and submitted their Proposed Consent Decree on March 2, 2002.  Id. at 2.  After

---

[1] The court takes judicial notice of the prior opinion to the extent that it is compatible with Federal Rule of Evidence 201 and does not require the acceptance of facts "subject to reasonable dispute."  See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (judicial opinions are generally subject to judicial notice); cf. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (statements subject to dispute are not subject to judicial notice); Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 392 n.7 (9th Cir. 2000) (facts not relevant on appeal are not subject to judicial notice).

addressing objections during judicially-supervised fairness hearings, the district court incorporated the Proposed Consent Decree into its October 30, 2002 Final Order. Id. at 25-26. In accordance with the terms of the Consent Decree, defendant subsequently phased each of its retail locations into compliance with the ADA and its related regulations. (Def.'s Mem. in Supp. of Mot. to Dismiss 2:21-22.)

In an effort to "avoid the uncertainties and costs of further or future litigation," (Def.'s Req. for Judicial Notice Ex. B. ¶ 1.4 ("Consent Decree")),[2] the Consent Decree also provides that, "[t]o the extent permitted by law, the final entry of this Decree will be fully binding and effective for purposes of res judicata and collateral estoppel upon [defendant], Plaintiff and the Settlement Class." (Id. at ¶ 23.2 (emphasis added).) The "settlement class" included "all persons who have or claim they have been, prior to and during the term of the consent decree, denied full and equal access to or have been discriminated against under Title III of the ADA or regulations

---

[2] Because the Consent Decree was incorporated into the district court's Final Order and binds both parties in the instant action, "[t]he Court takes judicial notice of the existence of the Consent Decree and the contents thereof." City of Arcadia v. EPA, 265 F. Supp. 2d 1142, 1146 n.4 (N.D. Cal. 2003) (citing Egan v. Teets, 251 F.2d 571, 577 n.10 (9th Cir. 1957); see also General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081-82 (7th Cir. 1997) ("Like other court records, judicial approval of a class action settlement is an appropriate subject for judicial notice because it is a source 'whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)); Citizens for a Better Env't-Cal. v. Union Oil Co., 861 F. Supp. 889, 896 (N.D. Cal. 1994) (taking judicial notice of related consent decree on a motion to dismiss); Green v. Bauvi, 792 F. Supp. 928, 936 n.12 (S.D.N.Y. 1992) (taking judicial notice of the previous Consent Decree describing the range of defendant's allowable activities).

promulgated thereunder, at or in connection with one or more [of defendant's service centers], because they are persons with mobility disabilities or dexterity disabilities covered by Title III of the ADA who could otherwise assert such a claim against [defendant]." (Id. at ¶ 2.38.)

Here, plaintiff appropriately acknowledges his membership in the aforementioned "settlement class"[3] and thus concedes that the Consent Decree bars his ADA claim. (See Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Plaintiff [] concedes that his claim for violation of the [ADA] is subsumed into the class action consent judgment to which Defendant [] refers in its motion to dismiss.").) Accordingly, the court will grant defendant's motion to dismiss plaintiff's ADA claim.

B. <u>Jurisdiction over Plaintiff's Remaining State Law Claims</u>

Because plaintiff's only federal claim--the request for injunctive relief under the ADA--is no longer at issue, the court is obligated to hear the remaining state law claims only if it retains federal question jurisdiction. If such original jurisdiction is lacking, the court must decide whether to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c).

1. <u>Federal Question Jurisdiction</u>

Pursuant to 28 U.S.C. § 1331, federal courts "have

---

[3] Plaintiff's allegations that he visited defendant's Northern California service centers during the time period covered by the Consent Decree place him squarely within the settlement class. (See Ex. B at ¶ 4 ("[T]he term of this Decree is five [5] years from the date of Final Approval.").)

original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Clear examples of such "federal question" cases include those in which federal law creates a cause of action. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). A case may also arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).

Nonetheless, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow, 478 U.S. at 813. Rather, courts should approach the issue of federal question jurisdiction as one requiring "sensitive judgments about congressional intent, judicial power, and the federal question." Id. at 810. Thus, courts look both to congressional intent and the nature of the federal interest at stake when determining the propriety of federal question jurisdiction. Id.

Here, plaintiff's two remaining state law claims are under California's Unruh Civil Rights and Disabled Persons Acts, both of which incorporate federal ADA law prohibiting discrimination against disabled persons. See Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the [ADA] shall also constitute a violation of this section."); id. § 54(c) ("A violation of the right of an individual under the [ADA] also constitutes a violation of this section."). However, even though they are predicated on a violation of federal law,

6

plaintiff's state law claims do not arise under federal law.

The Ninth Circuit's recent decision in Wander v. Kaus, 304 F.3d 856 (9th Cir. 2002), is instructive. In Wander, the plaintiff alleged that certain structural barriers at defendants' store discriminated against disabled persons in violation of the ADA and various California statutes, including the Disabled Persons Act. Id. at 857. The plaintiff's request for injunctive relief under the ADA became moot when the defendants sold the property, leaving only the plaintiff's state law claims based on alleged ADA violations. Id. After reviewing the congressional history[4] in combination with the United States Supreme Court's opinion in Merrell Dow,[5] the Ninth Circuit held that Congress did not intend the ADA to create a private right of action for damages for its violation. Id. at 859. Rather, Congress's choice to foreclose a private right of action for damages in the

---

[4] Because the ADA specifically allows the Attorney General to pursue civil penalties and nowhere provides private plaintiffs with a similar right, it is evident that Congress sought to limit the damages available under the statute. 42 U.S.C. § 12188(b)(2)(B) (monetary damages available only "when requested by the Attorney General"). Further, under the ADA, "[t]he court does not have authority to award monetary damages in situations where such relief is not requested by the Attorney General." H.R. Rep. No. 101-485 (III), at 68 (1990), reprinted in 1990 U.S.C.C.A.N. 445, 491. Thus, Congress not only failed to provide a private right to recover damages in the ADA, but explicitly rejected this right. Any judicial recognition of a federal question based on state laws that provide a private right of action would flout congressional intent.

[5] In Merrell Dow, the alleged misbranding of a drug in violation of the Federal Food, Drug, and Cosmetic Act (FDCA) was expected to be relevant in an analysis of a plaintiff's state law negligence claim. 478 U.S. at 810-22. However, the United States Supreme Court held that the fact that the federal definition of misbranding would be at issue did not transform a state law claim into a federal question, especially in light of Congress's decision to deny a private, federal right to sue for a violation of the FDCA. Id. at 819.

7

ADA was "tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently substantial to confer federal question jurisdiction." Id. (citing Merrell Dow, 478 U.S. at 813). Based on this finding, the Ninth Circuit affirmed the district court's refusal to recognize federal question jurisdiction and additional decision not to exercise supplemental jurisdiction, therein dismissing the remaining state law claims. Id.

Similarly, this court has repeatedly recognized that while a plaintiff whose rights are violated under the ADA may still seek damages under state law claims, federal question jurisdiction is not created just because this violation is an element of the state law claims. See Bleakly v. Sierra Cinemas, Inc., No. 07-0052, 2008 WL 109337, at *1-2 (E.D. Cal. Jan. 8, 2008) (after the defendant's remedial activity brought its theater within ADA compliance, the court granted summary judgment with respect to the plaintiff's ADA claim and therein dismissed plaintiff's remaining state law claims--including claims based on California's Unruh Civil Rights and Disabled Persons Acts--based on a lack of federal question jurisdiction); Martinez v. Del Taco, Inc., No. 05-1418, 2006 WL 355194, *4-5 (E.D. Cal. Feb. 14, 2006) (dismissing state law claims predicated on ADA violations when defendants ceased all business operations, thereby rendering plaintiff's actual ADA claim moot); Pickern v. Best W. Timber Cove Lodge, 194 F. Supp. 2d 1128, 1133 (E.D. Cal 2002) (dismissing state law claims predicated on ADA violations after defendants mooted plaintiff's ADA claim by removing inaccessible

bath tubs and installing pre-fabricated, roll-in showers).

Accordingly, there remains "no federal-question jurisdiction over a lawsuit for damages brought under California's [statutes], even though the California statute[s] make[] a violation of the [ADA] a violation of state law." Wander, 304 F.3d at 857.

### 2. Supplemental Jurisdiction

Because there is no federal question jurisdiction over plaintiff's remaining state law claims, the court is free to consider whether to exercise supplemental jurisdiction. Pickern, 194 F. Supp. 2d at 1133. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."). Factors for a court to consider in deciding whether to dismiss supplemental state claims include judicial economy, convenience, fairness, and comity. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992).

"[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) overruled on other grounds by Acri, 114 F.3d at 1000. Indeed, some circuits have gone even farther

9

1  and held that, absent extraordinary or unusual circumstances,
2  federal courts should not retain jurisdiction.  <u>See, e.g.</u>, <u>Musson
3  Theatrical, Inc. v. Fed. Express Corp.</u>, 89 F.3d 1244, 1255 (6th
4  Cir. 1996); <u>Wentzka v. Gellman</u>, 991 F.2d 423, 425 (7th Cir.
5  1993).

6       While cognizant that litigation of a new suit in state
7  court may somewhat inconvenience the parties, the court notes
8  that neither party has made a showing of extraordinary or unusual
9  circumstances.  Indeed, neither party has raised any of the
10 standard arguments often associated with such dismissals--e.g.,
11 the inconvenience of refiling, litigating in remote state court
12 locations, etc.  In fact, the only federal claim is being
13 disposed of well before any substantial litigation ensued, in
14 that no pretrial scheduling or formal discovery has yet taken
15 place.  Accordingly, the court will decline to exercise
16 supplemental jurisdiction under § 1367(c)(3) as to the remaining
17 state law claims.

18       IT IS THEREFORE ORDERED that defendant's motion to
19 dismiss plaintiff's ADA claim be, and the same hereby is,
20 GRANTED, and plaintiff's federal claim under the ADA is hereby
21 DISMISSED WITH PREJUDICE.

22       IT IS FURTHER ORDERED that plaintiff's remaining claims
23 under state law be, and the same hereby are, DISMISSED WITHOUT
24 PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

25 DATED:  February 27, 2008

                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE